**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Benjamin STEVENS,
Defendant-Appellant.**

**No. 76–1423
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John Volz, Federal Public Defender, Richard T. Simmons, Jr., Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Stevens was convicted on a three-count indictment of violations of the Gun Control Act of 1968—Count I, transporting a stolen firearm in interstate commerce, 18 U.S.C.A. § 922(i), Count II, being a convicted felon and transporting a firearm in interstate commerce, 18 U.S.C.A. § 922(g), and Count III, being a convicted felon in possession of a firearm in interstate commerce, 18 U.S.C.A. App. § 1202(a).[1] After a jury trial Stevens was found guilty and sentenced to three years on Count I, three years on Count II and one year on Count III.

On appeal Stevens claims (i) the District Court erred in denying his motion for mistrial based on the admission, during the prosecution's case in chief, of testimony concerning Stevens' response to questions after his arrest, (ii) insufficiency of the evidence on the elements of knowledge and intent, (iii) that he was resentenced to an increased term of confinement,[2] and (iv) that the District Court imposed multiple punishments for a violation that was a single course of conduct.[3] We reject the insuf-

---

1. Count I: 18 U.S.C.A. § 922(i):

 It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

 Count II: 18 U.S.C.A. § 922(g):

 It shall be unlawful for any person—
 (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
 (2) who is a fugitive from justice;
 (3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or
 (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
 to ship or transport any firearm or ammunition in interstate or foreign commerce.

 Count III: 18 U.S.C.A. App. § 1202(a):

 (a) Any person who—
 (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
 (2) has been discharged from the Armed Forces under dishonorable conditions, or
 (3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or
 (4) having been a citizen of the United States has renounced his citizenship, or
 (5) being an alien is illegally or unlawfully in the United States,
 and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. Judge Gordon, who announced the sentence due to Trial Judge West's illness, first imposed a sentence of three years on Count I, three years on Count II to run concurrently, and one year on Count III to run consecutively to the sentences on Counts I and II. The Judge denied bail and remanded Stevens to custody. Later in the day Judge Gordon recalled Stevens and his counsel to the courtroom. The Judge said that he may have made a mistake in his use of the words consecutive and concurrent and that he wanted to correct the sentence in accord with the desires of Judge West. Stevens was then sentenced to three years imprisonment on Count I, three years on Count II to run consecutively to Count I, and one year on Count III to run concurrently with the sentence on Count I.

3. Stevens claims that (i) Counts I and II concerned a single course of conduct and therefore he could not be sentenced on both and (ii) Counts II and III are multiplicitous as the same evidence is required to prove each.

ficiency argument, but we find that reversal is required on the first issue (i), and we do not reach the points concerning sentencing.

It was established at the trial that Stevens and three acquaintances burglarized a home on or about the night of December 18, 1974, and took several guns and coins. The next day Stevens and one of the other participants, Rodney Lee, traveled to Dallas, Texas in Lee's car after first spending a night in Bossier City, Louisiana. The alleged purpose of the trip was to look for work. Stevens and Lee stayed in a trailer in Dallas with friends of Stevens', Diane and Duane Gouldsby.

At some point after Stevens and Lee arrived in Dallas four rifles that had been taken in the burglary and had been in the trunk of Lee's car since the two men left Louisiana, were brought into the Gouldsbys' trailer. One of these guns was given to Diane Gouldsby.

Lee and Stevens were indicted on charges of firearms violation, but Lee entered a plea of guilty prior to trial. At Stevens' trial Lee and two other participants testified how the burglary took place and the roles each played. Additionally, Lee testified about the interstate travel and transportation of the stolen guns. Stevens did not testify during his trial.[4]

In his first issue on appeal Stevens claims that the District Court should have granted a mistrial because of erroneously admitting testimony by special agent Polombo during the case in chief about Stevens' responses to questions after arrest and after he had been given his *Miranda* rights. The relevant testimony was as follows:

Q (The prosecutor) Did Mr. Stevens express to you at that time his participation or his knowledge and participation with respect to the firearms or any of the other property taken in the burglary?

A (Agent Polombo) No, sir, he wouldn't give any information.

Q Did you specifically ask him about the firearms taken in the burglary?

A Yes, sir.

Q What was his response to your question?

A No comment.

MR. SIMNO: Tender the witness. Thank you.

Stevens contends that he should have been granted his requested mistrial on the basis of the principle announced first in *United States v. Hale,* 1975, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99, and more recently in *Doyle v. Ohio,* 1976, —— U.S. ——, 96 S.Ct. 2240, 49 L.Ed.2d 91, 44 U.S.L.W. 4902 (1976). In *Hale* the Supreme Court used its supervisory powers over the federal courts to find prejudicial error when the trial court permitted cross-examination of Hale concerning his silence during post-arrest interrogation. 422 U.S. at 180, 95 S.Ct. at 2138, 45 L.Ed.2d at 107. This term, in *Doyle,* the Court held that impeachment use of a defendant's post-arrest silence violates the Due Process clause of the Fourteenth Amendment. —— U.S. at ——, 96 S.Ct. at 2241, 49 L.Ed.2d at 94, 98.

This Court recently found harmful error in the admission of testimony in the case in chief concerning a defendant's silence. *United States v. Impson,* 5 Cir., 1976, 531 F.2d 274, 275; *see United States v. Fairchild,* 5 Cir., 1975, 505 F.2d 1378, 1383. Therefore, since Stevens, to preserve the error, requested a mistrial after the testimony of Agent Polombo, we must reverse if the Agent's words were an indication that Stevens was silent during interrogation.

■ The Government argues that Stevens did not remain silent but verbally denied possession of the guns and that the Agent was testifying that Stevens said "no comment." Gov't Brf at 17. The testimony, however, is fatally ambiguous. The implication of the Agent's words, an implication probably not lost on the jury, was that Stevens refused to answer any questions concerning the guns. It is impossible to determine from the transcript whether Agent Polombo was quoting Stevens' words or testifying about Stevens' constitutionally

---

4. It was stipulated at trial that Stevens was a convicted felon.

protected silence as guaranteed by *Miranda* and the Fifth Amendment.

This is an unusual situation and a case which we are reluctant, but are compelled, to reverse. The strong dictates of the Supreme Court in *Hale* and *Doyle,* as well as precedent from this Court, *United States v. Impson, supra; see United States v. Harp,* 5 Cir., 1976, 536 F.2d 601 [1976]; *cf. Mercado v. Massey,* 5 Cir., 1976, 536 F.2d 107 [1976], require that we find reversible error in the failure to grant a mistrial after these thoughtless, ill-advised questions of the prosecutor who was bound to know of the Agent's expected negative answer.

Stevens also raises questions concerning sufficiency of the evidence, which we reject, and the validity of the sentencing.[5] Because we vacate the conviction on the first issue, we need not reach his point on sentencing which may not recur on the retrial.

REVERSED and REMANDED.