**STATE of Minnesota, Respondent,**

v.

**Eugene Lawrence BILLUPS, Appellant.**

**No. 45948.**

Supreme Court of Minnesota.

Feb. 3, 1978.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Heard before ROGOSHESKE, PETERSON, and SCOTT, JJ., and reconsidered and decided by the court en banc upon a petition for rehearing.

PER CURIAM.

Defendant appeals from the judgment of conviction for robbery, contending that the prosecutor's efforts to impeach him for failing to disclose his alibi before trial violated due process. We reverse.

On December 27, 1974, at approximately 7 p.m., a clerk for a St. Paul liquor store arrived at 1141 Hague Avenue to deliver a telephone order. Just as he reached the house, he was accosted by a man holding a gun, who stepped from behind a tree in the yard. The man walked toward the clerk, ordered him to turn around, and robbed him. The clerk later identified defendant at a lineup as his assailant.

Defendant was arrested on January 9, 1975, in connection with another incident for which he was not charged. On that

date, the owner of a different liquor store became suspicious about a telephone order to be delivered to 1141 Hague Avenue, the address of the earlier robbery. A police officer made the delivery and noticed defendant crouching along the side of the house. The officer identified himself, ordered defendant not to move, and, when defendant turned and ran, shot him. Defendant was immediately arrested and subsequently hospitalized. He was questioned about the January 9 incident at the time of his arrest and again 4 days later in the hospital. Each time, after being given a *Miranda* warning, he denied any misconduct with respect to that incident. On January 13, 1975, defendant's attorney visited him at the hospital and instructed defendant not to talk to the police unless he was present. On January 16, 1975, defendant was placed in a lineup and identified by the clerk who had been robbed on December 27, 1974. Defendant was never questioned about the robbery of December 27, for which he was charged and later convicted.

Defendant testified that at the time of the December 27 robbery he was in the company of his fiancee and her family in their home. His fiancee corroborated this story. He left with her at approximately 8:30 p.m. and joined other friends at a birthday party. On cross-examination the prosecutor was allowed to ask defendant over objection why he had failed to divulge his alibi prior to trial.[1] Defendant was convicted of simple robbery and sentenced to an indeterminate term of 0 to 3 years. This appeal raises one issue: Did the prosecution's cross-examination of defendant regarding his pretrial silence with respect to his alibi violate due process?[2]

The United States Supreme Court recently examined this area in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).[3] The question presented to the court in Doyle was "whether a state prosecutor may seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving *Miranda* warnings at the time of his arrest." 426 U.S. 611, 96 S.Ct. 2241, 49 L.Ed.2d 94. The defendants were charged with selling marijuana and their defense was that they had been framed. Although they were not completely silent after their arrests, they did not disclose their defense until trial. 426 U.S. 627, 96 S.Ct. 2249, 49 L.Ed.2d 103. Ohio argued the necessity of such cross-examination to show defendants' supposed post factum fabrication of their defense, relying on cases in which the court had permitted impeachment by statements gathered in violation of *Miranda*. The court rejected this position:

"Despite the importance of cross-examination, we have concluded that the *Miranda* decision compels rejection of the State's position. The warnings mandated by that case, as a prophylactic means of safeguarding Fifth Amendment rights * * * require that a person taken into custody be advised immediately that he has the right to remain silent, that anything he says may be used against him,

1. For the present requirements on disclosure by the defendant of the defense of alibi, see Rules of Criminal Procedure, Rule 9.02, subd. 1(3)(a), (c).

2. Defendant also challenges the prosecutor's closing argument as imputing to defendant the burden of offering exculpatory evidence. We think defendant has mischaracterized the import of the prosecutor's remarks. Moreover, defendant failed to make contemporaneous objection to the argument. *State v. Caron*, 300 Minn. 123, 218 N.W.2d 197 (1974).

3. The state suggests that Doyle is inapplicable because it was rendered after trial of this case, which occurred in early April 1975. The United States Supreme Court, however, has indicated that the impact of its decision is not limited merely to Doyle and his confederates and future defendants. E. g., *Middleton v. South Carolina*, 429 U.S. 807, 97 S.Ct. 44, 50 L.Ed.2d 69 (1976) (vacating judgment and remanding for consideration in light of Doyle). See, also, *United States v. Stevens*, 538 F.2d 1203 (5 Cir. 1976); *United States v. Harp*, 536 F.2d 601 (5 Cir. 1976). Since defendant's conviction is not yet final, we find Doyle applicable to the instant case. See, *O'Connor v. Ohio*, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966); *Tehan v. United States ex rel. Shott*, 382 U.S. 406, 409, note 3, 86 S.Ct. 459, 461, 15 L.Ed.2d 453, 455 (1966).

and that he has a right to retained or appointed counsel before submitting to interrogation. Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested. See *United States v. Hale*, 422 U.S. [171] at 177, 95 S.Ct. [2133 at 2137], 45 L.Ed.2d 99. Moreover, while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial. * * *

\* \* \* \* \* \*

"We hold that the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. 617, 96 S.Ct. 2244, 49 L.Ed.2d 97.

It appears to this Court that we misapplied Doyle in our original opinion and did not give to it the effect which it may deserve. Any distinctions between the instant case and Doyle are rather tenuous and without any great difference. There is probably no greater reason for one given a *Miranda* warning to remain silent as to exculpatory evidence than there is for one who is warned to remain silent by his attorney. If any refinements are to be made to the precise holding in Doyle, they should be made by the United States Supreme Court.

■ We therefore hold that it was error to permit the impeachment of defendant by cross-examination which showed his failure to offer alibi evidence at any time prior to the trial. It follows that the prosecutor should not discuss this facet of the case in his argument.

We also conclude that the error cannot be deemed harmless beyond a reasonable doubt. The error impaired defendant's alibi, and the prosecution's case was not overwhelming.

Reversed and remanded.

The original opinion filed on September 16, 1977, is hereby withdrawn and this opinion substituted.