**STATE of Minnesota, Respondent,**

v.

**Jeffery Wayne GALVAN, Appellant.**

**No. C7–84–1445.**

Supreme Court of Minnesota.

Sept. 27, 1985.

Rehearing Denied Nov. 27, 1985.

Stephen W. Cooper, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Stephen C. Decoster, Asst. County Atty., St. Paul, for respondent.

OPINION

AMDAHL, Chief Justice.

Defendant, Jeffery Wayne Galvan, petitions for review of the decision of the Court of Appeals affirming his convictions of second-degree felony murder and two

counts of second-degree assault. *State v. Galvan,* 368 N.W.2d 400 (Minn.App.1985). Although we agree with the ultimate conclusion of the Court of Appeals that petitioner is not entitled to any relief from his convictions, we grant the petition for the limited purpose of addressing two of the issues analyzed by the Court of Appeals in its opinion.

The state's evidence at petitioner's trial established the following: two groups of people were involved in a verbal dispute in a bar. One group, including petitioner, left shortly before closing, and the other group, including the victim, waited a few minutes, hoping thereby to avoid any contact outside with the other group. When the victim and his friends got outside they were followed and taunted by petitioner and his friends. Petitioner escalated the conflict by drawing a .22-caliber gun and firing two shots. The victim was killed by the second shot, which was fired a foot away from him and penetrated his heart. Petitioner fled. The victim died a short time later. Two of the victim's three friends knew petitioner from before and had no trouble identifying him; the other one first mistakenly identified someone else from petitioner's group as the assailant but later positively identified petitioner in a lineup and at trial. Police searched petitioner's residence pursuant to a warrant and found bullets identical in size and make to those fired from the murder weapon, which was never recovered. The jury acquitted petitioner of a charge of second-degree intentional murder but found him guilty of the felony-murder charge and of the two assault charges.

1. One of the many issues analyzed by the Court of Appeals in its opinion concerned the trial court's refusal to make an in-camera examination of notes of interviews by the prosecutor with certain prospective prosecution witnesses. These interviews were conducted by the prosecutor and a police officer. The police officer apparently took no notes and filed no reports concerning the interviews. The Court of Appeals stated that the trial court did not err in refusing to examine the notes because any such notes were nondiscoverable attorney work product. Minn.R. Crim.P. 9.01, subd. 1(1)(a), provides broad discovery by the defense of statements made by prospective prosecution witnesses, including "any written summaries" of relevant oral statements made to prosecutorial agents. Rule 9.01, subd. 3(a), defines nondiscoverable work product as including writings "to the extent they contain the opinions, theories or conclusions of the prosecuting attorney [or his agents]." If a prosecutor interviews a witness, the prosecutor's notes summarizing the witness' statement are not work product; if the notes contain the thoughts or opinions of the prosecutor, those parts of the notes may be withheld but the summaries of the witness' statement may not be withheld. *See* Minn.R.Crim.P. 9 Comment; American Bar Association Project on Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 2.1, 2.6 (Approved Draft 1970), *as amended,* II American Bar Association, Standards for Criminal Justice 11–2.1(a)(i), 11–2.-6(a)(1980). Although we therefore disagree with the conclusion of the Court of Appeals that the prosecutor's notes necessarily would have constituted nondiscoverable work product, we are satisfied that petitioner is not entitled to a new trial on this ground because (a) it appears that the prosecutor eventually made oral disclosure in chambers of what the witnesses would testify if called and (b) any error was nonprejudicial.

2. The only other issue that merits discussion is one relating to the submission of the lesser offense of first-degree heat-of-passion manslaughter. The trial court submitted it as a lesser-included offense of the charge of intentional murder but not as a lesser-included offense of the charge of felony murder. The trial court apparently was of the opinion that the offense was not a lesser-included offense of felony murder because the offense is not necessarily proven by proof of felony murder. The Court of Appeals stated that petitioner received what he wanted and

that even if one assumes that first-degree heat-of-passion manslaughter is a lesser-included offense of felony murder, it was not error not to submit it because the facts did not justify submission. We agree that the facts did not justify submission, but emphasize that there is no doubt about whether first-degree heat-of-passion manslaughter is a lesser-included offense of felony murder. Minn.Stat. § 609.04, subd. 1 (1984), defines an included offense as any of the following:

(1) A lesser degree of the same crime; or.

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

First-degree heat-of-passion manslaughter is a lesser-included offense of felony murder under section 609.04, subd. 1(1). *State v. Nurmi*, 336 N.W.2d 65, 67 (Minn.1983) (state conceded that it was a lesser-included offense); *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975) (making it clear that any lesser degrees of homicide should be submitted if the facts justify submission). Petitioner would have been entitled to submission of first-degree heat-of-passion manslaughter if the facts had justified submission.

Petition for review granted; affirmed.