**STATE of Minnesota, Respondent,**

v.

**George Allen SANOSKI, Appellant.**

**No. C8–85–1206.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., St. Cloud, for respondent.

Daniel A. Eller, St. Cloud, for appellant.

Considered and decided by POPOVICH, C.J., RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant George Sanoski was convicted of intrafamilial sexual abuse in the first degree for engaging in sexual penetration of his daughter over an extended period of time. *See* Minn.Stat. § 609.3641, subd. 1(2)(e) (1984). On appeal appellant claims he was denied a fair trial because of discovery violations, prosecutorial misconduct, refusal of the trial court to dismiss charges at the close of the evidence, and failure of the trial court to notify counsel of a jury request regarding clarification of an instruction. He also contends evidence does not adequately support the conviction verdict. We affirm.

## FACTS

B.L.S., age 17 at the time of the January 1985 trial, testified that she was forced by her father (appellant) to have sexual relations with him for several years. B.L.S. testified that from the summer of 1981 until September 1982, appellant perpetrated sexual assaults on her at least weekly and approximately five days a week during the summer. She testified appellant told her when she graduates from high school he will "slack off" in the frequency of assaults.

Testimony showed that B.L.S. had a troubled family life. Both appellant and his wife, Stella, were prone to drink excessively. Appellant often physically abused his wife and the children. In December of 1980, appellant struck his wife with a flashlight, breaking her arm.

B.L.S. did not report the sexual abuse promptly; she feared appellant, and she did not think her mother would believe her. She testified that appellant kept guns in the house and threatened that if anyone left home he would "blow each one of your heads off." Her siblings, ages 16 and 14 at the time of trial, testified they suspected the sexual actions of appellant with B.L.S., based on seeing B.L.S. with appellant when she was partially unclothed.

Stella Sanoski eventually became aware of the situation, but she did not report anything to the authorities. Finally, the children and their mother moved out of the house around September 16, 1982. Several months later, Stella Sanoski says, appellant boldly admitted that he had sexually assaulted B.L.S.

Appellant was charged by amended complaint with four counts of sexual abuse relating to conduct in September 1982, and one count of intrafamilial sexual abuse for committing multiple acts between June 1981 through September 1982. The jury acquitted appellant of the first four counts and convicted him on the multiple act charge. He was sentenced to an executed term of 41 months. Following the denial of post-trial motions, appellant appealed.

## ISSUES

1. Is appellant entitled to a new trial based on claimed discovery violations?

2. Did the prosecutor commit reversible misconduct?

3. Did the trial court err in refusing to dismiss four counts at the close of the evidence?

4. Was appellant prejudiced by the failure of the trial court to notify counsel of a jury request regarding clarification of an instruction?

5. Was the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

### I.

On March 4, 1983, a defense investigator interviewed Mike Knese, a friend of B.L.S. Knese was listed by the State as a potential witness and apparently was interviewed by the prosecution around November 20, 1984. On November 26, 1984, the prosecutor orally informed defense counsel that Knese had told the prosecutor B.L.S. was having sexual intercourse with her father. At trial about two months later, Knese was not called as a witness by either the State or the defense.

■ Appellant asserts that the failure of the prosecutor to provide a written statement taken from Knese requires a new trial. However, the State had no written statement, and oral disclosure was sufficient under those circumstances. *See* Minn.R.Crim.P. 9.01; *State v. Galvan*, 374 N.W.2d 269 (Minn.1985).

Further, we find nothing to indicate that appellant was prejudiced by the State's procedure. Knese was not called as a witness by either party. Appellant contends that the defense did not call Knese because it did not know what he would say, but if defense counsel felt that Knese had more information counsel could have interviewed him again.

In sum, the trial court did not abuse its discretion in denying appellant's motion for a new trial on this ground. *See State v. Daniels*, 332 N.W.2d 172, 178–79 (Minn. 1983).

■ Appellant also claims the State failed to disclose fully the results of an investigation into the medical records of

B.L.S. The State provided a report from a social worker indicating that B.L.S. was scheduled for a pelvic exam on December 2, 1982. Defense counsel was orally informed that the medical record was checked and that the only information related to a leg injury. The pelvic exam never occurred. In denying appellant's request for a new trial, the trial court noted in its accompanying memorandum:

> [D]efendant knew at the time of trial that he had not received a report of such examination and made no inquiry as to whether or not there had been such an examination or as to the findings if there had been one. Defendant never applied to the Court to have the complaining witness independently examined by a physician of the defendant's choice.

The trial court properly denied appellant's motion for a new trial on this ground.

### II.

■ In his closing argument, defense counsel summarized B.L.S.'s testimony. He stopped and the following ensued:

> [Defense counsel] Your Honor, I'm going to put an objection on the record. Mr. Ellenbecker is sitting here shaking his head, and if he wishes, we can pull out the testimony of [B.L.S.].
>
> THE COURT: I didn't notice it, but—
>
> [Prosecutor] Your Honor, I would appreciate pulling out her testimony. I think it reflects that she said, "Spring of '81."
>
> THE COURT: All right, you each had— you each had your chance to argue. Just keep going.

Appellant contends the prosecutor committed reversible misconduct. The prosecutor should not have gestured and should not have responded to defense counsel as he did. Defense counsel did not, however, seek an admonition or a ruling on his original objection regarding the head shaking. He also failed to object to the prosecutor's comments. The trial court obviously did not deem the incident significant and treated it as a minor dispute over the evidence. The jury was told several times in the instructions that counsel's statements were

not evidence. We conclude the jury's verdict was based on the evidence and was not influenced by improper conduct.

### III.

Appellant moved to dismiss counts I through IV at the close of the evidence, arguing that the State had failed to prove the offenses occurred on the date alleged in the amended complaint. The State moved to amend counts I through IV to conform to the evidence, and the trial court granted the motion and amended the complaint to reflect that the charge was based on an incident on or about September 1982. The trial court denied appellant's motion to dismiss. The jury acquitted appellant of counts I through IV.

The jury did not convict appellant on any of the four charges, and we will not decide whether the trial court erred in refusing to dismiss them and in granting the amendment. *See State v. Ashland,* 287 N.W.2d 649, 650 (Minn.1979). The trial court could have reserved a decision on appellant's motion until the jury's verdict was returned. Minn.R.Crim.P. 26.03, subd. 17(2). Appellant's contention that submission of the counts to the jury allowed the choice of compromise verdict is speculative.

### IV.

 During deliberations, the jury foreperson informed the bailiff the jurors had a question. The trial judge was contacted and was asked what the term "on or about September" meant. The trial court did not call either the prosecutor or defense counsel and advised the jury that they could consider two weeks before and two weeks after September as being included in that phrase. The parties were informed of this exchange a few hours later while the jury was still deliberating.

Upon being informed of the court's instruction to the jury, defense counsel did not object. Defense counsel also did not challenge the trial court's action in a subsequent motion for a new trial.

The trial court should have notified the prosecutor and defense counsel that the jury had asked a question. Minn.R.Crim.P. 26.03, subd. 19(3). We conclude, however, that the error was not prejudicial. Appellant failed to object to the manner in which the trial court responded to the request. *See State v. Harris,* 333 N.W.2d 873, 876 (Minn.1983). Further, the jury question concerned a phrase used only on counts I through IV, and appellant was acquitted on those counts.

### V.

 Appellant's argument that the evidence was insufficient is without merit. Credibility of witnesses is for the jury to decide, and the jury obviously believed B.L.S. was truthful in testifying about the long history of sexual abuse by her father.

### DECISION

Appellant received a fair trial and the evidence was sufficient to sustain his conviction of intrafamilial sexual abuse in the first degree.

Affirmed.