**STATE of Minnesota, Respondent,**

v.

**Charles Paul MUSSEHL,
Petitioner, Appellant.**

No. C7–86–350.

Supreme Court of Minnesota.

July 10, 1987.

Barry V. Voss, Minneapolis, for appellant.

Robert A. Stanich, Atty. Gen., St. Paul, for respondent.

COYNE, Justice.

We granted the petition of defendant Charles Paul Mussehl for review of a decision of the court of appeals that affirmed his convictions of two counts of assault in the first degree, burglary, and the possession of a firearm by a felon. *State v. Mussehl*, 396 N.W.2d 865 (Minn.App.1986). The appeal raises issues relating to whether the prosecutor improperly discouraged witnesses from talking with a defense investigator and whether the prosecutor acted improperly in not taking notes when interviewing witnesses and in not disclosing the substance of those conversations to the defense. Although we believe that the court of appeals properly affirmed defendant's convictions, we do not completely agree with its analysis of these issues.

Defendant's convictions were based on an incident that is recounted in detail in the court of appeals' opinion. 396 N.W.2d at 867. Defendant lived in the townhouse next to that of one of the victims, Jamie Van Guilder. When defendant entered her house without permission, she ran across the street to her neighbors, Brad Naylor and Gail Ripperger. Defendant followed, said it was his house, and started returning to Van Guilder's house, where Van Guilder's children were still inside. Naylor tried to stop defendant and defendant stabbed him, injuring him seriously. When Van Guilder tried to stop defendant, defendant stabbed her, injuring her seriously. Defendant then fled in a car. Police found defendant's loaded .45 caliber pistol in Van Guilder's bathroom.

1. Defendant's first contention relates to the issue whether the prosecutor improperly discouraged witnesses from talking with a defense investigator. Several months before trial the county attorney, Robert Kelly, through an assistant, William Klumpp, Jr., sent a letter to 12 witnesses. The letter said, in part:

At a recent court hearing I was informed that the defendant intends to retain a private investigator to assist him in his defense. It may very well be that you will be contacted by either the investigator or the defendant's attorney, Barry Voss. As an attorney I cannot ethically advise you not to cooperate with either the defense investigator or the defendant's attorney. The decision as to whether or not you wish to talk to either any defense investigator or the defendant's attorney is entirely up to you. You are not required to talk with them. In this regard you should be aware that the statements the police prepared after interviewing you have been made available to the defendant and his attorney.

A defense attorney in a criminal case is ethically obligated to do everything within his power to defend the person charged with the crime. In practice this means that he will be trying to get his client acquitted. You should bear in mind when you are making your decision as to whether or not you wish to talk with someone from the defense.

If you wish to talk to the defendant's investigator or to his attorney I would

request that you advise me and request that I be present. It is your right to request that the prosecutor or a police officer be present for any such interview. If a defense investigator or defense attorney does not like that, you can simply tell him you don't want to talk with him under those circumstances.

You should be advised that based on my 10 years of experience in the criminal justice system I have seen instances where defense investigators have misrepresented or, at least the witnesses later claimed, that the defense investigator misrepresented who he was and who he was working for. If a police officer wants to talk with you I would suggest that you request to see their identification which any law enforcement officer will gladly produce. Should anyone indicate they are working on the case, you should demand to see their identification.

I would be interested to know if you are even contacted by a defense investigator or by the defense attorney.

After defense counsel expressed concern about the letter at a pretrial hearing, Klumpp sent another letter, which said, in part:

The defendant's attorney, Mr. Barry Voss, has informed me that his investigator has contacted several witnesses and that at least one of those witnesses has told his investigator that because of what the county attorney said, the witness cannot talk to the defense investigator. That is incorrect. The decision as to whether or not you wish to talk with either the defendant's attorney or his investigator is entirely up to you. You are not required to talk with them any more than you are required to talk with me. If an attorney in a case wants to subpoena a witness for trial he is entitled to do so. Neither the prosecution nor the defense has any particular right to talk with the witnesses prior to trial although any such statements given by a witness must be disclosed to the opposing side. There has been disclosure by both the prosecution and the defense in this case. Obviously, each attorney is ethically obligated to advocate zealously on behalf of his client, although the prosecutor has an additional duty to see that justice is done.

If you wish to cooperate with Mr. Voss or his investigator in defending Mr. Mussehl you may talk with him. I would appreciate it if you decide to talk with the defense investigator that you request that either myself or a law enforcement officer be present. It is your right to have one of us be present for such an interview. If the defense investigator or attorney does not want to do that, you are entitled to refuse to talk with him.

Subsequently, defense counsel moved to dismiss all of the charges or to remove the prosecutor because the prosecutor had denied defense counsel access to the witnesses. The trial court expressed the view that the first letter was improper but that the second letter had corrected the matter. The trial court also attached significance to the fact that prosecution witnesses actually contacted by the defense investigator were apparently willing to talk with the defense investigator.

The court of appeals, unlike the trial court, found no fault with either of the two letters. 396 N.W.2d at 868–69. It agreed with the trial court that defendant failed to show that the letters had hampered the defense investigation. *Id.*

In *State v. Rud,* 359 N.W.2d 573, 578 n. 1 (1984), while holding in part that the rules do not provide for discovery depositions in criminal cases, we stated:

A criminal defendant has a right to attempt to interview the victims without interference from the prosecution. [Minn.R.Crim.P.] Rule 9.03, subdivision 1, specifically provides that the prosecutor shall not advise witnesses, including the victims, to refrain from being interviewed by defense counsel. It is true that the victims do not have to submit to such interviews but neither do defense witnesses have to submit to interviews by the prosecutor.

Minn.R.Crim.P. 9.03, subd. 1 states:

Except as otherwise provided as to matters not subject to discovery or cover-

ed by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the accused) to refrain from discussing the case with opposing counsel or from showing opposing counsel any relevant materials, nor shall they otherwise impede opposing counsel's investigation of the case.

The comment to the rule states that the rule "follows substantially the language of A.B.A. Standards, Discovery and Procedure Before Trial, 4.1 (Approved Draft 1970) protecting interference with discovery." That section, both in the 1970 and in the current version, provides that the section is not intended to add to or subtract from what is provided in the relevant standards applicable to prosecutors and defense counsel. The current version of A.B.A. Standards, the Prosecution Function, 3.1(c) (1979) [also known as A.B.A. Standard 3–3.1(c)][1] provides:

A prosecutor should not discourage or obstruct communication between prospective witnesses and defense counsel. It is unprofessional conduct for the prosecutor to advise any person or cause any person to be advised to decline to give to the defense information which such person has the right to give.

The corresponding comment states:

Prospective witnesses are not partisans. They should be regarded as impartial and as relating the facts as they see them. Because witnesses do not "belong" to either party, it is improper for a prosecutor, defense counsel, or anyone acting for either to suggest to a witness that the witness not submit to an interview by opposing counsel. It is not only proper but it may be the duty of the prosecutor and defense counsel to interview any person who may be called as a witness in the case (except that the prosecutor is not entitled to interview a defendant represented by counsel). In the event a witness asks the prosecutor or defense counsel, or a member of their staffs, whether it is proper to submit to an interview by opposing counsel or whether it is obligatory, the witness should be informed that, although there is no legal obligation to submit to an interview, it is proper and may be the duty of both counsel to interview all persons who may be witnesses and that it is in the interest of justice that the witness be available for interview by counsel.

Counsel may properly request an opportunity to be present at opposing counsel's interview of a witness, but counsel may not make his or her presence a condition of the interview. It is proper to call the attention of the witness to the problem of subscribing to a statement prepared by another person. In the event that a written statement is signed or otherwise acknowledged by the witness as a correct representation of facts known to the witness, a copy of the statement should be furnished to the witness upon request.

■ Defendant in this case is not entitled to any relief. As both the trial court and the court of appeals held, he failed to show that the prosecutor's letters prejudicially impeded his investigation of the case. However, we disapprove of both of the letters sent by the prosecutor. It seems to us that witnesses might conclude after reading either or both of the letters that the prosecutor is discouraging them from talking with any defense investigator. Moreover, the first letter disparages defense counsel and investigators and their function, while the second letter suggests that only the prosecutor serves justice.

In the future, prosecutors are advised to follow the approach of Minn.R.Crim.P. 9.03, subd. 1, as explained in greater detail in the applicable A.B.A. Standard and comment, which are set out above.

■ 2. The other issue that defendant raises is whether the prosecutor acted improperly in not taking notes when inter-

1. The corresponding standard for defense counsel is Standard 4–4.3(c).

viewing witnesses and in not disclosing the substance of those interviews to the defense. This issue arises because of our decision in *State v. Galvan*, 374 N.W.2d 269 (Minn.1985), *cert. denied*, 475 U.S. ——, 106 S.Ct. 1496, 89 L.Ed.2d 897 (1986), which held that a prosecutor's notes of an interview with a witness on the state's witness list are not work product and are discoverable under Minn.R.Crim.P. 9.01, subd. 1(1)(a), to the extent they do not disclose the thoughts or opinions of the prosecutor. The court of appeals, as well as the trial court, concluded that there was no purposeful effort by the prosecutor to circumvent *Galvan* and to avoid discovery, and we are satisfied that this defendant was not prejudiced by the prosecutor's conduct.

Affirmed.