STATE of Minnesota, Respondent,

v.

Damon NMN MOORE, Appellant.

No. CX–92–285.

Court of Appeals of Minnesota.

Dec. 15, 1992.

Review Denied Feb. 12, 1993.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges his conviction of first degree criminal sexual conduct, kidnapping, and theft of a motor vehicle, alleging the prosecutor committed discovery violations and attempted to show that appellant did not testify at the omnibus hearing. He also asserts an error in sentencing. We reverse and remand.

## FACTS

Appellant asserted consent as a defense to the acts that are the basis for the charged crimes.

Complainant testified, however, that in the early morning hours of June 21, 1991, appellant, whom she had never before met, jumped into her car while she was stopped at a traffic light. Appellant, implying that he had connections with a Los Angeles street gang, offered to sell her gold chains and crack cocaine. Frightened by appellant, complainant complied when asked to drive him to his "girlfriend's house." When they arrived, appellant took the car keys and disappeared inside the dwelling. He emerged a few minutes later carrying a bottle of whiskey. Appellant then pushed complainant into the passenger's seat and drove the car to an alley, where he forced her to perform oral sex upon him and then forced her to have intercourse.

Afterward, according to complainant's testimony, appellant permitted her to use a gas station rest room. Complainant claims that she mouthed "call 911" to one of the station attendants. An officer who arrived on the scene moments later testified that complainant "was crying and seemed very upset."

Appellant's version of events differs greatly. He claims he approached complainant, asking whether she wanted to buy some crack, only after seeing her pull over. According to appellant, complainant replied that she did not have any money and was looking for a friend who dealt drugs in the area. In order to induce complainant to party with him that night, appellant admits he falsely asserted that he had some crack with him and that he knew her friend. He suggested that she drive him to a bootlegger's house to buy some beer. After buying whiskey there, appellant took control of the car because he thought complainant was too intoxicated to drive. He drove them to a secluded spot. He contends that complainant agreed to have sex in exchange for some crack. She instead offered to perform oral sex, but after he convinced her that intercourse would be faster, they had intercourse.

Appellant claims complainant later jumped out of the moving car and ran to the gas station, screaming for someone to call the police. His theory is that she was angry about not having been given any crack and had decided to fabricate the sexual assault for revenge. This testimony at trial differed from appellant's pretrial statements to police in which he denied having had sexual intercourse with complainant.

The state charged appellant with one count of criminal sexual conduct in the first degree, one count of kidnapping, and one count of motor vehicle theft. Appellant pleaded not guilty on July 25, 1991. The omnibus hearing took place on September 30, 1991, with the jury trial beginning the next day.

Complainant's testimony at trial also differed from her pretrial statements in many details, one of which is significant to this appeal. She testified that she discovered a scab or sore on appellant's penis during oral sex, although earlier she had not mentioned anything unusual about appellant's penis.

On October 11, 1991, the jury found appellant guilty on all three counts. On November 13, 1991, the trial court denied appellant's motion for a new trial and sentenced him to 134 months for kidnapping, 103 months for criminal sexual conduct in the first degree, and 25 months for motor vehicle theft. The November 13 judgment entry, however, lists concurrent sentences of 139, 134, and 25 months.

Appellant filed this appeal on February 11, 1992, contending that the trial court erred in denying his motion for a new trial. He claims the prosecution violated discovery rules and prejudiced his rights by attempting to cross-examine him about not having testified at the omnibus hearing.

## ISSUES

I. Did the state violate discovery rules prejudicially by failing to inform defense counsel of complainant's pretrial statement that appellant had a scab on his penis?

II. Did the state violate discovery rules prejudicially by failing to inform defense counsel of complainant's changed statement about the amount of alcohol she had consumed?

III. Did the state violate appellant's right to due process by attempting to cross-examine him about his failure to testify at the omnibus hearing?

IV. Was there a sentencing error?

## ANALYSIS

### I.

Appellant contends that a new trial is warranted because of the prosecution's discovery violations. First, we must determine whether any discovery violation occurred. Minn.R.Crim.P. 9.01, subd. 1(2), requires

> the prosecuting attorney on request of defense counsel shall, before the date set for Omnibus Hearing provided for by Rule 11, allow access * * * to all matters within the prosecuting attorney's possession or control which relate to the case and make the following disclosures:
>
>     *    *    *    *    *    *
>
> (2) *Statements.* The prosecuting attorney shall disclose and permit defense counsel to inspect and reproduce any relevant written or recorded statements which relate to the case within the possession or control of the prosecution, the existence of which is known by the prosecuting attorney, and shall provide defense counsel with the substance of any oral statements which relate to the case.[1]

The Minnesota Supreme Court has interpreted this discovery rule as conferring on prosecutors a continuing duty to disclose information learned in interviews with potential witnesses; that is, a prosecutor has a duty

> to make continuing disclosure when new things are added to the file after defense counsel has looked at it. A prosecutor cannot circumvent the requirement of open-file discovery by not taking notes or

by not putting things in the file that belong in the file.

*State v. Kaiser*, 486 N.W.2d 384, 387 (Minn.1992) (citations omitted). And in *State v. Galvan*, 374 N.W.2d 269, 270 (Minn.1985), *cert. denied*, 475 U.S. 1097, 106 S.Ct. 1496, 89 L.Ed.2d 897 (1986), the supreme court specifically ruled that summaries of witnesses' statements do not represent nondiscoverable work product.

■ In this case, on September 24, 1991, shortly before the omnibus hearing, complainant told the prosecutor that appellant's penis had a scab on it. Because complainant's statement constitutes an oral statement relating to the case, the prosecutor, by not informing defense counsel, violated the continuing duty to disclose mandated by Minn.R.Crim.P. 9.01, subd. 1(2), and by *Kaiser*.

■ Once a discovery violation has occurred, the trial court has wide discretion in imposing sanctions. *State v. Lindsey*, 284 N.W.2d 368, 373 (Minn.1979). According to the Minnesota Supreme Court:

> In exercising this discretion the trial judge should take into account: (1) the reason why disclosure was not made; (2) the extent of prejudice to the opposing party; (3) the feasibility of rectifying that prejudice by a continuance; and (4) any other relevant factors.

*Id.* Absent a clear abuse of discretion, a reviewing court may not overturn the trial court. *Id.*

Minnesota courts have traditionally applied the test set forth in *United States v. Bagley*, 473 U.S. 667, 682–83, 105 S.Ct. 3375, 3383–84, 87 L.Ed.2d 481 (1985), that a reviewing court should not order a new trial to remedy a discovery violation "[i]f there is no reasonable probability that the outcome of the trial would have been different had the evidence been disclosed." *State v. Clobes*, 422 N.W.2d 252, 255 (Minn. 1988). In *Kaiser*, however, the supreme court modified this approach, recognizing that Minnesota discovery provisions are much stricter than their federal counterparts. *Kaiser*, 486 N.W.2d at 386. The

---

1. Prior to 1990, this rule applied only to statements by defendants and accomplices.

*Kaiser* court explained that in the interest of enforcing open discovery procedures, it has "on occasion" awarded a new trial even where "prejudice was not clear." *Id.* at 387.

In the instant case we need not apply Kaiser in its broadest terms, however, for prejudice to the appellant is clear. Had he been apprised of complainant's pretrial statement about the scab, appellant may not have elected to rely on a consent defense at trial because complainant's knowledge of a scab or sore on his penis greatly diminishes the credibility of appellant's claim that complainant consented to intercourse.

It is of no consequence that the prosecutor heard complainant's remarks about appellant's penis *before* appellant declared consent as a defense. Under *Kaiser*, the prosecution should have notified appellant's counsel upon hearing this statement, even before learning that a consent defense was being planned. And after the consent defense was declared, it was certain beyond doubt that the information was relevant. The prosecution should then have tried to rectify its mistake of not making immediate disclosure. Because of the clear prejudice to appellant's tactical decision to assert a consent defense, the district court abused its discretion in not ordering a new trial as a sanction for this discovery violation.

### II.

Appellant also argues that the prosecutor further violated discovery rules by not revealing complainant's disclosure that in her statement to the police, she underestimated the quantity of alcohol she had consumed that night. Complainant told this to the prosecutor during the course of the trial, but before taking the stand. Because of our disposition on the first issue, we do not reach this argument.

█ It is worth noting, however, that defense counsel already knew that the medical examiner would testify that complainant had consumed much more alcohol than indicated in her statement to police. Moreover, the amount of alcohol consumed has little relevance to appellant's consent defense or other issues. Although disclosure should have been made, this was not reversible error.

### III.

█ Appellant contends that he was denied his constitutional right to a fair trial because the prosecutor asked him about his failure to testify at the omnibus hearing. Under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 6 and 7, of the Minnesota Constitution, every criminal defendant has the right to a fair trial. A prosecutor may not seek to impeach a defendant's trial testimony by cross-examining him about his post-*Miranda* silence. *Doyle v. Ohio,* 426 U.S. 610, 611, 96 S.Ct. 2240, 2241, 49 L.Ed.2d 91 (1976); *State v. Billups,* 264 N.W.2d 137, 138–39 (Minn. 1978). In this case, the prosecutor violated appellant's right to due process by asking on cross-examination:

Do you remember a hearing we had before this court even started—before this trial even started?

\* \* \* \* \* \*

Did you tell the Judge or anyone else about that, at that point?

The state contends that no constitutional error occurred here because of an exception to the *Doyle* rule carved out in *State v. Hjerstrom,* 287 N.W.2d 625 (Minn.1979). In *Hjerstrom* the supreme court ruled that the state may impeach a defendant with evidence of his pretrial silence where

defense counsel tried to create the impression on cross-examination of the arresting officer that the police were not interested in letting defendant give his full and complete version of what had happened.

*Id.* at 628. Respondent's reliance on that case is not well-founded. Here, defense counsel did not cross-examine the arresting officer and thus, did not open the door for the prosecutor's improper questioning of appellant.

Having established that constitutional error occurred, the reviewing court must

then independently review the record to determine "whether or not an average jury would have changed its verdict had the questioned statement been excluded." *State v. Robinson*, 427 N.W.2d 217, 224 (Minn.1988). In the instant case, the trial court promptly ordered the prosecutor's inappropriate question stricken from the record and instructed the jury to disregard it. It is, therefore, difficult to find that the prosecution's question denied appellant his right to a fair trial. Moreover, the prosecution had already properly impeached appellant's version of events at trial by contrasting it with his statement to police. The question should not be asked at retrial.

### IV.

Given our decision that this conviction should be reversed, it is not necessary to reach the inconsistency between the court's oral and written sentencing orders.

### DECISION

Because the prosecution's discovery violation may have prejudiced appellant by failing to apprise him of evidence weighing against consent, the trial court abused its discretion in not ordering a new trial. As to the state's attempt to cross-examine appellant about his failure to testify at the omnibus hearing, the trial judge acted appropriately by striking the question from the record and by instructing the jury to disregard it.

Reversed and remanded.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. The issue in this case is plain and simple trial court discretion. I believe there was no abuse of that discretion by the trial judge and would, therefore, disagree with the majority that a new trial is warranted.

The prosecutor asked the victim on direct examination whether she noticed anything unusual about appellant's penis, and before the victim answered, the court called a recess to discuss the matter with counsel. The court acknowledged that a discovery violation may have occurred and, in order to rectify the situation and as a remedial measure, granted a continuance of four days, which included the weekend, so the defense could investigate the matter and further prepare its case. During the continuance, by agreement of parties, appellant was examined by a physician who found no scab or evidence of a scab on his penis.

After trial resumed, the prosecutor continued his direct examination of the victim. The victim's testimony included a statement that appellant's penis had a sore with a scab on it. When the prosecution rested, the following stipulation, agreed to by both the defense and prosecution, was read to the jury:

It is stipulated between [the state] and Defendant that on Monday, October 7, 1991, Defendant was examined by Dr. Carl Smith, Chief of Urology at Hennepin County Medical Center. That examination disclosed no scab, scar or other abnormality to Defendant's penis. If called to testify, Dr. Smith would state that as of October 7, 1991, his examination could not relate back to determine the existence or nonexistence of a scab on Defendant's penis on June 21, 1991.

Imposing sanctions for discovery violations is a matter for the sound judgment and discretion of the trial court. *State v. Lindsey*, 284 N.W.2d 368, 373 (Minn.1979). I believe it was within the trial court's discretion to order a continuance here, rather than a mistrial. The trial court was faced with a difficult situation. The court discussed possible options extensively with both the prosecution and defense and made a reasoned decision.

Clearly, there was no prejudice to appellant in this case. The trial court was cognizant of the fact that the victim's testimony, which was subject to extensive impeachment by the prosecution, coupled with the stipulation read to the jury, worked more favorably for appellant than against him, and that his consent defense was not in any way impaired, but most probably enhanced. The fact that appellant changed his story from the statement he gave to the police at the time of his arrest, wherein he disa-

vowed any sexual contact with the victim, to the time of trial, where he claimed she consented, was his decision and that decision was in no way impaired by the victim's testimony regarding the scab on his penis.

The trial judge in this case was on the scene and in the best position to determine if prejudice had occurred and what sanctions, if any, should be imposed. *Id.* I would affirm the conviction and remand for a clarification of the sentences.